**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ALEXIS MILLARES-LOGAS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01206-DB** |
| | § | |
| **MARKWAYNE MULLIN**, *Secretary of* | § | |
| *the United States Department of Homeland* | § | |
| *Security*, *et al.*, | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the above-captioned case. On April 25, 2026, Petitioner Alexis Millares-Logas filed a "Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the Camp East Montana detention facility in El Paso, Texas in the Western District of Texas. ECF No. 1 at 3. He argues his detention is unlawful and asks the Court to order his release. *Id.* at 17.  On April 27, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 4 at 3.

Petitioner is a Cuban national who entered the United States in 1995. ECF No. 1 at 19. On February 27, 1997, Petitioner was convicted of trafficking a Schedule One Controlled Substance. *Id.* at 19. On February 1, 1999, an Immigration Judge ("IJ") ordered Petitioner removed to Cuba. *Id.* at 21. Because Petitioner waived appeal, his order of removal became administratively final that same day. *Id.* at 3. After Petitioner was ordered removed, he was detained for approximately two years, then released pursuant to an Order of Supervision ("OSUP"). *Id.* Petitioner complied with the terms of his OSUP for 24 years. *Id.* Despite this, on September 22, 2025, Respondents re-

arrested Petitioner without notice or an opportunity to be heard. *Id.* at 4, 10. Petitioner asserts, among other things, that his detention violates his due process rights because Respondents revoked his OSUP without providing notice or a meaningful opportunity to respond to the reasons for revocation. *Id.* at 9–13.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Qudus v. Noem*, No. EP-25-CV-00679-DB (W.D. Tex. Jan. 20, 2026) (holding that ICE's failure to issue a Notice of Revocation of Supervised Release and provide petitioner an informal interview constituted a violation of due process); *Huang v. Superintendent, ERO El Paso Camp East Montana*, No. EP-25-CV-00730-DB (W.D. Tex. Jan. 30, 2026) (holding that superficial compliance with the revocation procedures set forth in 8 C.F.R. § 241 is insufficient to satisfy the requirements of the regulation and due process more generally); *Ly v. U.S. Dept. of Homeland Sec.*, No. EP-26-CV-00278-DB (W.D. Tex. Mar. 11, 2026) (holding that predictions regarding the securance of travel documents are insufficient to satisfy the notice requirements contained in 8 C.F.R. § 241). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 4 at 2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.* Additionally, because Petitioner alleged a violation of 8 C.F.R. § 241, the Court directed Respondents to "specifically address whether Petitioner was issued a written Notice of

Revocation of Supervised Release and provided an informal interview under 8 C.F.R. § 241, in addition to raising any other pertinent legal arguments or facts." *Id.*; *see also* ECF No. 1 at 10.

Yet, in their Response, ECF No. 6, Respondents completely ignore the Court's direct order to address Petitioner's claims arising under 8 C.F.R. § 241. Respondents also fail to discuss any of the Court's previous procedural due process decisions or offer any meaningful reasons why this case warrants a different outcome. The Court presumes Respondents' actions are deliberate. As such, the Court interprets the decision not to address the specific issue identified by the Court to mean Respondents concur in Petitioner's assertions of law and fact, and support Petitioner's proposed outcome.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Qudus* and *Huang*, **IT IS HEREBY ORDERED** Petitioner Alexis Millares-Logas' "Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody by **no later than May 4, 2026,** subject to the same conditions of supervision imposed prior to his re-detention on January 9, 2026.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court of Petitioner's release **no later than May 7, 2026.**

**IT IS FURTHER ORDERED** that Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FINALLY ORDERED** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than May 11, 2026.**

**SIGNED** this **1st** day of **May 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**